RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
(202) 307-6585 (v)
(202) 514-6866 (f)
Beatriz.T.Saiz@usdoj.gov
Counsel for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. |
| v. | ) |
| MICHEL BITTON, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, the United States of America, at the request and with the authorization of a delegate of the Secretary of the Treasury in accordance with 31 U.S.C. § 3711(g)(4)(C), and at the direction of the Attorney General of the United States, brings this civil action to collect the penalties assessed against Michel Bitton under 31 U.S.C. § 5321(a)(5) for his failure to report his interest in foreign bank accounts for the years 2011 through 2013. In support of this action, the United States alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345 and 1355.

2. Venue is proper in this district under 28 U.S.C. § 1391 because Defendant Michel Bitton resides in this district.

## PARTIES

3. The Plaintiff is the United States of America.

4. The Defendant Michel Bitton resides in Fort Lee, New Jersey within the jurisdiction of this Court.

## DEFENDANT'S DUTY TO REPORT HIS INTEREST IN A FOREIGN FINANCIAL ACCOUNT

5. All citizens and residents of the United States who have a financial interest in, or signatory or other authority over, any foreign financial account that had a maximum value greater than $10,000 at any time during a calendar year are required to file an annual report disclosing the existence of each account.  31 U.S.C. § 5314; 31 C.F.R. § 1010.350.

6. The annual report, known as the Report of Foreign Bank and Financial Accounts ("FBAR") for calendar years 2011 to 2013 is due no later than June 30 of the year following the calendar year. 31 C.F.R. § 1010.306(c).

7. All persons who are required to file a Schedule B to their federal income tax returns (Forms 1040) are required to disclose whether at any time during that tax year

they had a financial interest in or signatory authority over a financial account located in a foreign country.

8. During each of the years 2011 through 2013, the aggregate amount in the Defendant's foreign accounts exceeded $10,000 in U.S. Currency. Specifically, during each of the years 2011 through 2013, the aggregate amount in the Defendant's Bank of Leumi bank accounts exceeded $10,000.

9. For the years 2011 through 2013, the Defendant Michel Bitton had a duty to report his interest in his Bank of Leumi bank accounts.

## DEFENDANT'S INTEREST IN A FOREIGN FINANCIAL ACCOUNT

10. The Defendant Michel Bitton was born in Israel and moved to the United States in the 1989. He eventually became a permanent resident of the United States.

11. Since 2004, the Defendant has owned and operated a textile business in New Jersey. In addition to operating the textile business, the Defendant earns rental income from commercial and residential properties he owns in New Jersey and Israel.

12. In 2005, the Defendant purchased two residential properties in Israel. In 2007, the Defendant inherited a residential property in Israel. The Defendant Michel Bitton earns rental income on these properties.

13. During the years 2011 through 2013, the Defendant Michel Bitton was the signatory and beneficial owner of 5 bank accounts with Bank Leumi Le'Israel, Ltd. These accounts included Foreign Currency accounts, Israeli Currency accounts, and Savings accounts. For each of these years, the total aggregate balance on these accounts was over $200,000.

## DEFENDANT'S WILLFUL FAILURE TO REPORT HIS INTEREST IN A FOREIGN FINANCIAL ACCOUNT

14. Prior to 2011, the Defendant was aware that he had an interest in foreign bank accounts and he was aware of the requirement to file FBARs.

15. On his 2011 through 2013 federal income tax returns, the Defendant failed to disclose that he had an interest in a foreign bank account.

16. For the tax years 2011 through 2013, the Defendant Michel Bitton failed to report - on his US tax returns - the interest income from his foreign bank accounts from the Bank Leumi Le'Israel Ltd.

17. For the tax years 2011 through 2013, the Defendant Michel Bitton failed to report - on his US tax returns the rental income from his rental properties located in Israel.

18. Prior to 2014, the Defendant failed to disclose to his longtime tax return preparer any of his foreign bank accounts with Bank Leumi Le'Israel Ltd.

19. In 2014, the Internal Revenue Service conducted an examination of Michel Bitton's 2012 and 2013 income tax returns. During this examination, the Defendant Michel Bitton made false statements to the IRS denying that he owned a foreign bank account.

   a. During the examination, the IRS determined Michel Bitton omitted domestic source business and rental income from his income tax returns.

   b. Michel Bitton used his foreign bank accounts to conceal the rental income he earned in Israel.

    c. Michel Bitton indicated that he did not have a foreign account on his 2012 Form 1040, Schedule B, when in fact, he did.

    d. During the examination, the IRS issued the Defendant a summons to produce foreign bank records.  The Defendant failed to produce the documents and invoked the Fifth Amendment in response to the summons.

20. The Defendant did not file an FBAR as required for 2011.

21. The Defendant did not file an FBAR as required for 2012.

22. The Defendant did not file an accurate FBAR as required for 2013.  He failed to report all of his foreign bank accounts and to report the maximum value of the accounts during the year, as required, on the FBAR he filed in 2013.

## CLAIM FOR RELIEF

23. The Defendant Michel Bitton was subject to the reporting requirements contained in 31 U.S.C. 5314 for calendar years 2011 through 2013, because he resided in the United States, had an interest and/or signatory authority over the Bank Leumi Le'Israel Ltd. and the balance of the Bank Leumi accounts exceeded $10,000.

24. The Defendant Michel Bitton violated the reporting requirements of 31 U.S.C. § 5314 because he failed to file an FBAR for 2011 and 2012 and he failed to report all of his bank accounts and the maximum value of the accounts on the FBAR he filed for 2013.

25. Section 5321(a)(5) provides for civil penalties for the failure to comply with the reporting requirements of Section 5314. 31 U.S.C. § § 5314, 5321(a)(5).

26. The Defendant knew, or should have known, that he was required to file FBARs disclosing his interests in foreign bank accounts.

27. The Defendant's failure to comply with the reporting requirements was willful under 31 U.S.C. § 5321(a)(5).

28. On May 1, 2018, a delegate of the Secretary of the Treasury made an assessment of civil penalties in the amount of $1,744,232 against Michel Bitton under 31 U.S.C. § 5321 (a)(5) for his willful failure to timely report his interest in foreign bank accounts for the years 2011 through 2013.

29.  A delegate of the Secretary of the Treasury gave notice of the assessment described above and demanded payment of the assessment from the Defendant Michel Bitton.

30. By letter dated June 5, 2018, Michel Bitton requested a conference with IRS Appeals to review the assessments reflected in paragraph 28.

31.  In August of 2019, IRS Appeals Office agreed to reduce the willful FBAR penalties assessed in paragraph 28 to $244,937. Specifically, the assessments were reduced to the following amounts:

    a. For the year 2011, the new assessed FBAR penalty was $69,982;

    b. For the year 2012, the new assessed FBAR penalty was $87,477.50; and

    c. For the year 2013, the new assessed FBAR penalty was $87,477.50.

32. On August 27, 2019, Michel Bitton signed a Form 13449, *Agreement to Assessment and Collection of Penalties under 31 U.S.C. §§ 5321(a)(5) and 5321 (a)(6)*, agreeing to

assessment and collection of each amount determined by IRS Appeals as set forth in paragraph 31.

33. Despite notice and demand for payment of the assessment and that the Defendant signed the Form 13449, the Defendant neglected or refused to pay the assessment described above.

34. Interest and penalties have accrued and will continue to accrue on the penalty assessments described above pursuant to 31 U.S.C. § 3717.

35. The Defendant is indebted to the United States in the total amount of $270,532.50 as of November 19, 2019, plus interest and penalties that have accrued since that date, and will continue to accrue thereafter as provided by law until the balance is paid in full.

WHEREFORE, the United States of America respectfully requests that the Court adjudge and decree as follows:

A. That judgment be entered against Defendant Michel Bitton, and in favor of the United States, in the amount of $270,532.50, plus such additional amounts, including interest and penalties, which have accrued from November 19, 2019, and continue to accrue as provided by law; and

B. That the United States shall recover its costs in this action, and be awarded such other and further relief as this Court deems just and proper.

DATED:  April 30, 2020  RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney
General

/s/ *Beatriz T. Saiz*
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C.  20044
Tel:  202-307-6585
Fax:  202-514-6866
Beatriz.T.Saiz@usdoj.gov
*Counsel for the United States*

**DESIGNATION UNDER LOCAL RULE OF CIVIL PROCEDURE 101.1(f)**

In accordance with Local Rule of Civil Procedure 101.1(f), the undersigned hereby designate the United States Attorney for the District of New Jersey to receive service of all notices or papers in this action at the following address:

    Chief, Civil Division
    United States Attorney's Office
    District of New Jersey
    970 Broad Street, Ste. 700
    Newark, New Jersey 07102

Date: April 30, 2020

                                      RICHARD E. ZUCKERMAN
                                      Principal Deputy Assistant Attorney
                                      General

                                      */s/ Beatriz T. Saiz*
                                      BEATRIZ T. SAIZ
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 227
                                      Washington, D.C.  20044
                                      Tel: 202-307-6489
                                      Fax: 202-514-6866
                                      Beatriz.T.Saiz@usdoj.gov

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I certify that the matter in controversy alleged in the foregoing Complaint is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Date: April 30, 2020

                                   RICHARD E. ZUCKERMAN
                                   Principal Deputy Assistant Attorney General

                                   /s/ *Beatriz T. Saiz*
                                   BEATRIZ T. SAIZ
                                   Trial Attorney, Tax Division
                                   U.S. Department of Justice
                                   P.O. Box 227
                                   Washington, D.C.  20044
                                   Tel: 202-307-6489
                                   Fax: 202-514-6866
                                   Beatriz.T.Saiz@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
Michel Bitton

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Bergen
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Beatriz T. Saiz, Esq.
U.S. Department of Justice, Tax Division
P.O. Box 227, Washington, DC 20044 (202) 307-66585

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. § 5314

Brief description of cause:
Reduce to judgment civil penalties for failure to disclose foreign bank account

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 270,532.50

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 04/30/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Beatriz T. Saiz

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No. |
| | ) ) ) | |
| *Defendant* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: